OPINION OF THE COURT
Frances A. Ortiz, J.
The decision/order of this court on this motion is as follows: This is a nonpayment proceeding. All monies were paid through January 2017. Despite full payment, the matter was *265 not discontinued, because there was a breach of warranty of habitability counterclaim. Accordingly, Judge Marc Finkelstein set the matter down for an abatement hearing. This court began the abatement hearing on April 28, 2017 and continued it on May 5, 2017 and May 19, 2017. During these appearances, respondent, Spencer Brill, testified on direct and cross-examination. There were numerous documents admitted into evidence by Mr. Brill including exhibits “B” and “L.” Exhibits “B” and “L” are copies of text messages Mr. Brill sent the subject building’s superintendent. These texts dealt with notification regarding repairs in his apartment and the superintendent’s replies to him. The respondent rested and the matter was adjourned to June 30, 2017 for petitioner’s rebuttal witness.
However, respondent filed the instant motion seeking to withdraw exhibits “B” and “L” entered into evidence. Respondent’s attorney in his affirmation states that information came to his attention shortly after the May 19, 2017 court appearance that requires withdrawal of the exhibits (Briker affirmation ¶ 7). Petitioner in opposition argues that there is no legal authority that permits the withdrawal of those exhibits. Petitioner asserts that it is entitled to know the reason for the withdrawal and that respondent’s vague reasoning is insufficient. Respondent’s counsel in reply concedes that there is no precise legal authority to withdraw the exhibits but that the authority for withdrawal lies in the Rules of Professional Conduct (22 NYCRR 1200.0). Counsel adds that withdrawal of the “evidence fully remediates the problem, [and] any further discussion of the basis for the motion is precluded by attorney-client privilege” (Briker reply affirmation f 5).
“Once evidence is entered it may not be withdrawn, except with consent of the opposing party or by court order if the opposing party objected to its admission (see, Fisch, New York Evidence § 16, at 8 [2d ed])” (Tiborsky v Martorella, 188 AD2d 795, 798 [3d Dept 1992]). Here, petitioner has not consented to the withdrawal of the exhibits and the exhibits “B” and “L” were admitted into evidence without objection/opposition from petitioner. Moreover, respondent has failed to provide this court with a sufficient basis for withdrawal of the exhibits. These exhibits are in evidence and respondent can not now proceed to withdraw them for the reasons discussed above (Tiborsky v Martorella).
*266 Accordingly, respondent’s motion to withdraw exhibits “B” and “L” in evidence is denied.